IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 05-cv-539-WM-PAC

FONOVISA, INC., et al.,

    Plaintiffs,

v.

MARCO VILLASANA,

    Defendant.

_____

**ORDER AND PERMANENT INJUNCTION BASED ON DEFAULT JUDGMENT**
_____

Miller, J.

This matter is before me on Plaintiffs' Application for Entry of Default Judgment by the Court (Application), filed June 7, 2005.  Having considered Plaintiffs' Application and the Declaration of Richard Gabriel, I find that the Application should be granted in part.

On March 24, 2005, Plaintiffs filed a complaint alleging that Defendant distributed, including by transmitting data to other computers over some type of connection (i.e, uploading),[1] and/or duplicated, including by copying data transferred from other computers over some type of connection (i.e., downloading),[2] via the Internet

---

[1] *See* Webopedia, *at* http://www.webopedia.com/TERM/u/upload.html (accessed Nov. 14, 2003); *Network Commerce Inc. v. Microsoft Corp*, 260 F.Supp.2d 1034, 1039 (W.D.Wash. 2003).

[2] *See* Webopedia, *at* http://www.webopedia.com/TERM/d/download.html (accessed Nov. 14, 2003); *Network Commerce Inc.,* 260 F.Supp.2d at 1039.

or an online media distribution system, ten copyrighted sound recordings owned or controlled by the Plaintiffs, without Plaintiffs' authorization, in violation of 17 U.S.C. § 501 *et seq.* On April 26, 2005, the Clerk entered default against Defendant based on his failure to file a pleading or otherwise defend.  Accordingly, Defendant has admitted Plaintiff's allegations.  *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) (quoting *Jackson v. FIE Corp.*, 302 F.3d 515, 525 (5th Cir.2002)).

Numerous courts have held that downloading music from the internet, which the user does not own, constitutes "direct infringement," in violation of the Copyright Act. *See In re Aimster Copyright Lit.*, 334 F.3d 643, 645 (7th Cir.2003); *A & M Records, Inc. v. Napster,* 239 F.3d 1004, 1014 (9th Cir.2001); *BMG Music v. Gonzalez*, No. 03 C 6276, 2005 WL 106592, *1 (N.D. Ill., Jan. 7, 2005); *Elektra Entertainment Group, Inc. v. Bryant,* 2004 WL 783123, at * 4 (C.D.Cal. Feb. 13, 2004).  I therefore find that Plaintiffs have established Defendant's liability.

Furthermore, Defendant has still not made any appearance in this case despite being notified that default has entered against him.  As the Tenth Circuit has noted, "[t]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection."  *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (quotation omitted). Plaintiffs have tendered an affidavit averting that Defendant is not an infant or incompetent person, and that a search in the U.S. Military Locator database of

LexisNexis indicates that Defendant is not in military service.  *See* 50 App. U.S.C. § 521(b)(1).  Under these circumstances, I find that entry of default judgment is appropriate.

Plaintiffs seek only the minimum statutory damages under 17 U.S.C. §§ 504(a)(2) & (c) for infringement of Plaintiffs' copyrights.  Section 504(c)(1) gives a copyright owner the right to elect, at any time before final judgment is entered, an award of statutory damages in the amount of not less than $750 or more than $30,000, for all infringements with respect to any one work.  Because Plaintiffs seek the minimum statutory damages for each of the ten copyrighted sound recordings, this amount is one capable of mathematical calculation, and I may enter default judgment without a hearing.  *See Hunt v. Inter-Glove Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985).  *See also Fustok v. ContiCommodity Services, Inc.,* 873 F.2d 38, 40 (2d Cir.1989) ("it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment").  Indeed, based upon Plaintiffs' clear entitlement to statutory damages, and the fact that they seek the minimum amount, a hearing on the matter would simply serve no purpose.  Accordingly, I find that Plaintiffs are entitled to an award of statutory damages in the amount of $7,500.

Plaintiffs also seek a permanent injunction preventing Defendant from any future infringement of their rights in their sound recordings.  Section 502(a) of the Copyright Act authorizes a court to issue a permanent injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

Some courts have found that proof of infringement itself establishes entitlement to permanent injunctive relief under 17 U.S.C. § 502.  *Dive N' Surf, Inc. v. Anselowitz*, 834 F.Supp. 379, 383 (M.D. Fla. 1993).  *See also Sony Music Entm't, Inc. v. Global Arts Prod.*, 45 F. Supp.2d 1345, 1347 (S.D. Fla. 1999) (a party seeking a permanent injunction for copyright violations need not show irreparable harm, once it has established success on the merits).  However, in this Circuit, a copyright holder generally must establish both "past infringement and a substantial likelihood of infringement in the future" in order to obtain a permanent injunction against an infringer. *Harolds Stores, Inc. v. Dillard Dept. Stores, Inc.*, 82 F.3d 1533, 1555 (10th Cir. 1996).

Plaintiffs have alleged that Defendant has downloaded and distributed their copyrighted recordings in the past, and continues to do so, violating their exclusive rights of reproduction and distribution. (Compl., ¶ 15.)  By his default, Defendant has admitted these allegations, *see Olcott*, 327 F.3d at 1125, and therefore Plaintiffs are entitled to an injunction.

Plaintiffs also seek recovery of their costs, under section 505, which provides that "the court in its discretion may allow the recovery of full costs by or against any party."  17 U.S.C. § 505.  Although Plaintiffs provide an affidavit indicating that their costs were $291, they provide no description of what costs they incurred.  Accordingly, to the extent their motion seeks costs, it will be denied without prejudice to them provided a properly supported motion for costs.

Accordingly, it is ordered:

1.    Plaintiffs' Application for Entry of Default Judgment by the Court is granted

in part and denied in part.

2. Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to their complaint, in the total principal sum of Seven Thousand Five Hundred Dollars ($7,500.00).

3. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal law in any sound recording, that is now owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs)("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to duplicate, by copying data transferred from other computers over some type of connection (*i.e.*, download), any of Plaintiffs' Recordings, to distribute, by transmitting data to other computers over some type of connection (*i.e*, upload), any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

4. Defendant also shall destroy all copies of: (i) Plaintiffs' Recordings in Defendant's possession, custody, or control, that Defendant has downloaded without Plaintiffs' authorization onto any computer hard drive or server owned or controlled by Defendant, and (ii) those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

5. Plaintiffs' request for costs is denied without prejudice to their seeking costs with a properly supported application.

6. The Clerk shall enter judgment in favor of Plaintiffs and against Defendant in accordance with the terms of this order.

DATED at Denver, Colorado, on September 6, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge